# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED at 1 O'clock & 00 min P M
Date 5/10/05

United States Bankruptcy Court
Savannah, Georgia

| | |
|---|---|
| In the matter of: ) | |
| ) | Chapter 7 Case |
| JACKIE G. SELLERS ) | |
| ) | Number 04-41293 |
| *Debtor* ) | |

## MEMORANDUM AND ORDER
## ON DEBTOR'S MOTION TO RECONVERT

On January 27, 2005, Jackie G. Sellers ("Debtor") filed a Motion to Reconvert to Chapter 13. A hearing in this matter was held on February 16, 2005. This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. § 157(b). Based on the evidence presented at the hearing, the documents in the file, and the applicable authorities, the Court enters the following Findings of Fact and Conclusions of Law in conformance with Federal Rule of Bankruptcy Procedure 7052(a).

## FINDINGS OF FACT

Debtor originally filed a petition under Chapter 13 of the Bankruptcy Code on April 23, 2004. On October 4, 2004, an Order confirming Debtor's Chapter 13 Plan was filed which required that Debtor make plan payments of $660.00 per month which amounted to a 100% dividend to unsecured creditors. The Order on Confirmation provided that failure to strictly comply with the terms of the confirmation order would result in Debtor's case being converted to Chapter 7 without further notice or a hearing. On

December 8, 2004, the Chapter 13 Trustee, Sylvia Ford Brown, filed a Notice of Non-Compliance of Strict Compliance Order. Thus, Debtor's Chapter 13 case was converted to one under Chapter 7 on December 8, 2004.

Debtor has now petitioned this Court to reconvert her case to Chapter 13. In moving to reconvert, Debtor stated that she intends to sell her house located at 7 East 65th Street, Savannah, Georgia, 31404, and use the proceeds to pay her creditors in full. Debtor received an offer to purchase the property in early January 2005, and she filed a Motion for Leave to Sell on March 16, 2005. In the motion, Debtor states she has been offered $137,000.00 for the property and intends to distribute the proceeds as follows: 1) pay the mortgage held by GMAC in full; 2) pay all liens of record; 3) pay all costs borne under the contract; and 4) pay any remaining balance to the registry of the Bankruptcy Court pending further Order of the Court. On March 28, 2005, I issued an Order and Notice of Sale directing all parties to show cause why Debtor's Motion for Leave to Sell should not be granted.

Debtor believes that she maintains the absolute right to convert her case to Chapter 13. That is, Debtor argues that because her case was involuntarily converted from Chapter 13 to Chapter 7 pursuant to a strict compliance order that did not require notice and a hearing, such conversion should not be treated as a conversion for purposes of 11 U.S.C. § 706(a).

The Chapter 7 Trustee, James Drake, has argued that, in attempting to reconvert her case to Chapter 13, Debtor is seeking a windfall at the expense of her creditors. That is, when she originally filed her Chapter 13 petition, she listed unsecured claims totaling $54,170.66. Voluntary Petition, Schedule F. However, only $18,704.18 in unsecured claims were filed in the Chapter 13 case. Chapter 13 Trustee's Exhibit A (September 10, 2004). Thus, the Chapter 7 Trustee believes that the creditors who did not previously file a claim should be given until May 18, 2005, the claims bar date in the current Chapter 7 case, to file a proof of claim. The Trustee agrees that the house should be sold. However, he believes that it would be in the best interest of creditors for Debtor to remain in Chapter 7. Specifically, he argues that a payout to creditors can be accomplished quicker and more efficiently in a Chapter 7 than it could be in a Chapter 13.

## CONCLUSIONS OF LAW

Section 706(a) of the Bankruptcy Code governs the conversion of a case under Chapter 7 to one under Chapter 13. It provides as follows:

> The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.
>
> 11 U.S.C. § 706(a).

AO 72A
(Rev. 8/82)

By its terms, § 706 gives the debtor the absolute right[1] to convert a Chapter 7 case to one under Chapter 13 at any time, unless it has previously been converted under Section 1307.

Despite the fact that her case has previously been converted under § 1307, Debtor has made two arguments as to why she should maintain an absolute right to conversion. First, she notes that, in order for her Chapter 13 plan to be confirmed, she was required to waive her right to notice and a hearing prior to any conversion. This argument is without merit. At confirmation, Debtor's plan payments were in default, and she was facing immediate dismissal. In order to avoid that result, she was offered the opportunity to have her plan confirmed, but only upon the condition that her future payments strictly comply with the terms of the plan so that any future default would result in conversion of her case to Chapter 7.

Orders requiring strict compliance from a debtor are intended to permit a debtor to avoid immediate dismissal or other relief at the time the order is entered. *See* In re Faulkner, 187 B.R. 1019, 1021 n.1 (Bankr. S.D. Ga. 1995) (Walker, J.). Because notice and a hearing are provided prior to entry of any strict compliance order, the actual occurrence of a default is the only prerequisite to granting the relief requested. Id. This avoids the necessity for the movant to make another court appearance to obtain relief which

---

[1] While noting the language of § 706(a), some courts have acknowledged that extreme circumstances may exist which would prevent a debtor from exercising a one time, absolute right of conversion. *See, e.g.* Martin v. Martin (In re Martin), 880 F.2d 857, 859 (5th Cir.1989). *But see* Croston v. Davis (In re Croston), 313 B.R. 447, 451 (B.A.P 9th Cir. 2004) (holding that the one-time right of Chapter 7 debtors to convert is absolute).

AO 72A
(Rev. 8/82)

4

had already been determined to be appropriate. Because Debtor agreed to the strict compliance order in lieu of having her case dismissed, she can not now complain that conversion was somehow unfair. Further, because there is no constitutional right to a bankruptcy discharge, this Court did not deprive Debtor of any rights when it issued the strict compliance order. See U.S. v. Kras, 409 U.S. 434, 446, 93 S.Ct. 631, 638, 34 L.Ed.2d 626 (1973) ("There is no constitutional right to obtain a discharge of one's debts in bankruptcy. The Constitution, Art. I, s 8, cl. 4, merely authorizes the Congress to 'establish . . . uniform Laws on the subject of Bankruptcies throughout the United States.'"). In short, the fact that Debtor was not provided with a second notice and a hearing prior to her case being converted to Chapter 7 has no bearing on her ability to reconvert to Chapter 13 in this instance.

Debtor also contends that she still maintains the absolute right to convert her case under § 706 because her previous conversion was involuntary. In construing a statute, I must first look to its plain language. See U.S. v. Veal, 153 F.3d 1233, 1245 (11th Cir.1998) (citing Albernaz v. United States, 450 U.S. 333, 336, 101 S.Ct. 1137, 1141, 67 L.Ed.2d 275 (1981)). In limiting the right of conversion to cases that have not been converted under section 1112, 1208, or 1307, § 706(a) does not differentiate between voluntary and involuntary conversions. Clearly, I should not graft an exception into § 706 that does not exist. Further, Debtor has failed to provide this Court with any authority for her position. Accordingly, I hold that Debtor no longer maintains the right to absolute conversion under § 706(a) irrespective of the fact that her case under Chapter 13 was

involuntarily converted.

Having held that Debtor no longer has the absolute right to convert her Chapter 7 case back to one under Chapter 13, the question remains whether the Court has any discretion to permit reconversion. There are no reported cases regarding this question which are binding upon this Court.[2] However, there are a number of reported cases from other bankruptcy courts. An examination of those cases reveals that two lines of authority have developed with regard to this issue. One line construes the plain language of § 706 and its legislative history[3] as imposing an absolute prohibition on a second conversion. *See* In re Carter, 84 B.R. 744, 747-48 (D. Kan.1988); In re Baker, 289 B.R. 764, 768-70 (Bankr. M.D. Ala. 2003); In re Hardin, 301 B.R. 298, 300 (Bankr. C.D. Ill. 2003); In re Banks, 252 B.R. 399, 402-403 (Bankr. E.D. Mich. 2000); In re Vitti, 132 B.R. 229, 231 (Bankr. D. Conn. 1991); In re Hanna, 100 B.R. 591, 593-94 (Bankr. M.D. Fla.1989). Courts limiting the right of conversion to a single opportunity have validated their decision on policy

---

[2] I have previously considered this issue, but declined to establish a rule since debtor in that case was ineligible for conversion under either of the two competing standards. *See* In re Stewart, No. 91-42252, 1994 WL 16006137, at *2 (Bankr. S.D. Ga. June 21, 1994).

[3] The legislative history for § 706(a) reads as follows:

Subsection (a) of this section gives the debtor the one-time absolute right of conversion of a liquidation case to a reorganization or individual repayment plan case. If the case has already been converted from chapter 11 or 13 to chapter 7, then the debtor does not have that right.

H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 380 (1977), *reprinted in* 1977 U.S.C.C.A.N. 5963, 6336.

Both sides of this issue have used the same language from the legislative history to support its viewpoint which has led one court to conclude that it is less than clear. *See* Banks, 252 B.R. 399, 401 (Bankr. E.D. Mich. 2000) (citing In re Johnson, 116 B.R. 224, 225 (Bankr. D. Idaho 1990)).

grounds by noting that:

> [I]t bars repeated attempts to convert which could otherwise delay the proceedings . . . While it can be argued that making the right to convert discretionary with the court would curb the possible abuse of repeated conversions, such an interpretation would not prevent repeated attempts to convert. The harm of delay remains a real possibility with a discretionary right to convert, since a hearing upon due notice would be required in each instance to evaluate the debtor's motive and other relevant considerations.

Hanna, 100 B.R. at 594.

A second line of cases permits a second conversion under § 706(a), after notice and a hearing, if, in the bankruptcy court's discretion, the debtor's circumstances warrant it. See In re Manouchehri, 320 B.R. 880, 884 (Bankr. N.D. Ohio 2004) (denying motion to reconvert when debtor's conduct lacked requisite good faith); In re Masterson, 141 B.R. 84, 87-88 (Bankr. E.D. Pa. 1992) (allowing second conversion after notice, a hearing and "careful scrutiny); In re Trevino, 78 B.R. 29, 32 (Bankr. M.D. Pa. 1987) (finding that court had discretion to consider reconversion, but not permitting it under the facts of the case). Courts holding this position argue that § 706(c)[4] should be read as containing an implicit authority for the court to convert the case upon the debtor's request

---

[4] 11 U.S.C. § 706(c) provides as follows:

The court may not convert a case under this chapter to a case under chapter 12 or 13 of this title unless the debtor requests such conversion.

under terms similar to those of subsection (b),[5] and that any other reading of § 706 would render subsection (c) meaningless. *See* In re Johnson, 116 B.R. 224, 225 (Bankr. D. Idaho 1990); In re Sensibaugh, 9 B.R. 45, 46 (Bankr. E.D. Va. 1981).[6] Courts adhering to the more lenient standard point to the policy idea that a debtor should always be given the opportunity to repay his debts. *See* In re Walker, 77 B.R. 803, 804 (Bankr. D. Nev. 1987). In determining whether to allow reconversion, courts often look to "what most inures to the benefit of all parties in interest." Sensibaugh, 9 B.R. at 46-47.

Trustee argues that a second conversion will not inure to the benefit of the creditors. I agree. Allowing Debtor to reconvert her case in this instance will have the effect of excluding approximately $35,000.00 of claims that were listed, but for which creditors did not file a proof of claim in the previous Chapter 13. While it is impossible to discern the creditors' motives for not filing a proof of claim in the previous Chapter 13, they may now be more inclined to file a claim in the Chapter 7 which they are permitted to do upon conversion. *See* Fed.R.Bankr.P. 1019 ("When a chapter 11, chapter 12, or chapter

---

[5] 11 U.S.C. § 706(b) provides as follows:

On request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 of this title at any time.

[6] One court holding that second conversions are prohibited stated that, "the reasoning of the Court in Sensibaugh is fatally flawed because it reads a right of conversion into Section 706(b) which Congress did not provide. Under subsection (b) a case may only be converted to Chapter 11. Had Congress intended to allow permissive conversion to other chapters under subsection (b) it could easily have provided so. Reasonable persons may differ about whether Congress was wise, or fair, to limit subsection (b) conversions to Chapter 11. But the statute, as written by Congress, is clear and should be applied as actually written." Baker, 289 B.R. at 768 (citing Hubbard v. United States, 514 U.S. 695, 702, 115 S.Ct. 1754, 131 L.Ed.2d 779 (1995)).

13 case has been converted or reconverted to a chapter 7 case...(2) New Filing Periods. A new time period for filing claims... shall commence pursuant to Rules 3002, 4004, or 4007, provided that a new time period shall not commence if a chapter 7 case had been converted to a chapter 11, 12, or 13 case and thereafter reconverted to a chapter 7 case and the time for filing claims... expired in the original chapter 7 case.")

While the possibility of reopening the bar date for claims if Debtor was allowed to reconvert to Chapter 13 was discussed at the February 16th hearing, Debtor has not filed any motion to that effect. Further, the Court is not aware of any authority to reopen the bar date *sua sponte* in this situation. In a letter brief filed on February 24, 2005, Debtor did not directly address the harm that will be suffered by the non-filing creditors if a second conversion is allowed. Instead, she stated that her case should be converted from Chapter 7 to Chapter 13 for "good cause shown" without providing any further support. As discussed, Debtor is solely responsible for the failure of her first Chapter 13 plan. Having considered the totality of the circumstances, I hold that Debtor has failed to show why I should exercise discretion and allow a second conversion to Chapter 13 in light of the harm that will be suffered by creditors who did not file claims in the Chapter 13, but whose debts will be discharged if the sale of the house is effected during the Chapter 13. In that event, excess proceeds will be returned to the Debtor while claims that could have been timely filed the Chapter 7 will be extinguished.

ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that Jackie G. Sellers' Motion to Reconvert to Chapter 13 is DENIED.

                                                                                              _____
                                                                                              Lamar W. Davis, Jr.
                                                                                              United States Bankruptcy Judge

Dated at Savannah, Georgia

This  6th  day of May, 2005.

cc:  Debtor — Sellers
     Debtor's Atty. — Braziel
     Creditor
     Creditor's Atty.
     Trustee — Drake
     U.S. Trustee — James       5/10/05   EP